MARTIN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

Attorneys for defendants Elmer Rodriguez

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>ROGELIO BELLOSO ALEMAN, et al.,<br><br>   Defendants. | Case No. CR-19-0280-RS (TSH)<br><br>**RODRIGUEZ SUPPLEMENTAL BRIEF ISO JOINT DEFENSE MOTION FOR DISCLOSURE OF THE OPINIONS, BASES, AND METHODOLOGY OF GOVERNMENT'S "GANG EXPERTS" UNDER RULE 16(a)(1)(G) AND *U.S. v. W.R. GRACE***<br><br>Honorable Thomas S. Hixson |

   Elmer Rodriguez submits this Supplemental Brief in support of the pending Joint Defense Motion for Disclosure of the Opinions, Bases, and Methodology of Government's "Gang Experts" Under Rule 16(A)(1)(G) and *U.S. v. W.R. Grace.* (Docket 217). He does so to convey a simple point related to the Government's claim that it might elect not to use a law enforcement officer/"gang expert" at trial.

   Mr. Rodriguez understands that the Government may elect to proceed by direct proof, as the Sixth Amendment requires, rather than trial by opinion regarding any factual issue. However, counsel direct the Court to the "Introductory Allegations" of the Superseding Indictment (Docket 44) and, more specifically, to paragraphs 1 through 4 which allege facts regarding the Government's view of the national and international aspects of an *uncharged*

**RODRIGUEZ SUPPLEMENTAL BRIEF RE JOINT DEFENSE MOTION FOR DISCLOSURE OF THE OPINIONS, BASES, AND METHODOLOGY OF GOVERNMENT'S "GANG EXPERTS" UNDER RULE 16(a)(1)(G) AND *U.S. v. W.R. GRACE*

-1-

enterprise.[1] The allegations contained in these paragraphs, *if admissible*,[2] would not be subject to proof by a cooperator given their national and international dimensions. Therefore, the Government should, for the sake of good cricket, either embrace or disown these allegations *as proof in this case* so that this Court can evaluate the pending defense motion.

Undersigned counsel also joins in the Memorandum which will be filed by Mr. Romero-Bonilla regarding District Judge Edward M. Chen's decision to set "enterprise expert" disclosure deadlines before setting a trial date in *United States v. Nelson*, 17CR533. Undersigned counsel litigated those issues, with his co-counsel John Philipsborn, in *Nelson* and can affirm that District Judge Chen imposed these deadlines untethered to a trial date and, in fact, required various waves of supplemental disclosures by the Government to comply with Rule 16 even before setting a trial date in July 2020. (Docket 938; Docket 992). In fact, Judge Chen originally set the *Daubert* hearings for April 2020 well before the trial date was set in July 2020. These hearings were eventually delayed to August 2020 due deficiencies in the Government's disclosures and to the constraints on court appearances related to the pandemic. (Docket 992; Docket 1015).

Dated: March 18, 2021                                  Respectfully Submitted,

                                                                          /s/
                                                                    MARTÍN A. SABELLI
                                                                    Attorney for Elmer Rodriguez

---

[1] These allegations are incorporated by reference in Count One (the Racketeering Enterprise) at paragraph 27.

[2] Undersigned counsel submit that these allegations are not admissible given the local nature of the charged RICO conspiracy.

**RODRIGUEZ SUPPLEMENTAL BRIEF RE JOINT DEFENSE MOTION FOR DISCLOSURE OF THE OPINIONS, BASES, AND METHODOLOGY OF GOVERNMENT'S "GANG EXPERTS" UNDER RULE 16(a)(1)(G) AND *U.S. v. W.R. GRACE***