UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 19-cr-00280-RS-13 |
| v. | **ORDER ON MOTIONS *IN LIMINE*** |
| ELMER RODRIGUEZ, | |
| Defendant. | |

The government and Defendant have collectively filed twenty-two motions *in limine* ("MILs"). *See* Dkts. 785–93. This order summarizes the rulings on these motions, which may be revised at trial.

### I. GOVERNMENT'S MOTIONS *IN LIMINE*

1. **MIL No. 1: Evidence of Crimes and Other Acts**

The government intends to offer evidence of numerous uncharged crimes and other bad acts allegedly committed by Defendant, and it moves *in limine* for a ruling clarifying that Rule 404(b) does not bar such evidence. While conceding Rule 404(b) generally does not preclude such evidence, Defendant argues the probative value of some of this evidence is outweighed by its prejudicial value, and that the evidence is cumulative. In particular, Defendant seeks to exclude evidence of five events: (1) a September 2, 2015 murder; (2) a September 16, 2016 "hunt" for rival gang members; (3) a February 13, 2018 murder; (4) an April 20, 2018 attempted murder; and (5) a November 11, 2017 traffic stop. Dkt. 812, at 4–5. The government responds that each of

1   these events either involved Defendant directly or were events of which he had personal

2   knowledge shortly after the fact. Thus, "[t]hese acts underscore his intent, influence, and conduct

3   as a member and leader of the enterprise." Dkt. 823, at 2.

4       None of the five events are of the kind barred by Rule 404(b). Each occurred during the

5   conspiracy period, and they are each admissible to prove Defendant's knowledge of, association

6   with, and participation in the MS-13 20th Street clique. *See also United States v. Cerna*, No. CR

7   08-0730 WHA, 2011 WL 838897, at *7 (N.D. Cal. Mar. 3, 2011) (similar MIL raised and denied

8   in MS-13 RICO/VICAR prosecution). Defendant's Rule 403 objections are all nonspecific, except

9   as to the use of the term "hunt" in connection with the September 16, 2016, episode. This,

10  however, appears to be a term used by MS-13 associates, not an inflammatory label created by the

11  government. Dkt. 823, at 8. That Defendant was not personally involved in two of the events does

12  not preclude the evidence either, at least insofar as the government provides evidence

13  demonstrating his knowledge of them. Finally, Defendant's contention that this evidence is

14  cumulative and repetitious is fair enough — the government's trial plan indicates its intent to offer

15  quite a large quantity of evidence about the MS-13 20th Street clique. Dkt. 828. However, these

16  particular events are not cumulative, given that the government intends to show the clique's

17  operations over a roughly five-year span.

18      The motion is therefore granted, and evidence of these five events will not be excluded.

19  This is without prejudice to Defendant raising more specific Rule 403 objections at trial.

20      **2. MIL No. 2: Statements of a Party Opponent**

21      The government intends to offer a number of Defendant's statements as admissions of a

22  party-opponent. The statements will be relayed in a variety of forms, including jail calls, social

23  media messages, and witness testimony. The government moves *in limine* to establish the

24  admissibility of these statements, and Defendant submits the government has stated the law

25  correctly. The motion is granted, without prejudice to Defendant raising Rule 403 challenges to

26  particular statements at trial.

27  ///

### 3. MIL No. 3: Defendant's Statements are Hearsay When Offered by Him

On the flip side of MIL No. 2, the government moves *in limine* to clarify that Defendant cannot offer his own out-of-court statements, as they constitute inadmissible hearsay. Defendant, again, submits that this is an accurate statement of the law. The motion is granted, without prejudice to Defendant offering his own statements (a) for something other than the truth of the matter asserted or (b) under an applicable hearsay exception.

### 4. MIL No. 4: Cooperation Agreements

The parties have suggested they intend to meet and confer concerning what portions, if any, of signed cooperation agreements the government would seek to introduce on redirect. Ruling on the motion is therefore reserved.

### 5. MIL No. 5: Requiring Good-Faith Basis for Any Claim that Another Person Committed a Crime or Act

The government moves *in limine* to require Defendant to proffer a good-faith basis for any assertion that someone else committed a given crime or act. Defendant does not object, and the motion is granted.

### 6. MIL No. 6: *Henthorn* Inquiries

Similar to MIL No. 5, the government moves *in limine* to require Defendant to proffer a good-faith basis for any *Henthorn*-type inquiry of law enforcement witnesses. Defendant does not object, and the motion is granted.

### 7. MIL No. 7: Cross-Examination of Cooperating Witnesses

The government moves *in limine* for a ruling limiting the scope of cross-examination of cooperating witnesses, as contemplated by Rule 609. Defendant does not object, and the motion is granted.

### 8. MIL No. 8: Use of Extrinsic Evidence for Impeachment

The government moves *in limine* for a ruling limiting the use of extrinsic evidence to impeach witnesses, as contemplated by Rule 608(b). Ruling on this issue is reserved, with the expectation that neither party will seek to rely on extrinsic evidence for this purpose.

9. **MIL No. 9: Exclusion of Evidence of Undisclosed Affirmative Defenses**

This motion is denied as moot.

10. **MIL No. 10: Reference to Punishment**

The government moves *in limine* to bar Defendant from referring to punishment, and Defendant does not object. The motion is consistent with the law and with the jury instructions that will be read in this case, and it is therefore granted.

11. **MIL No. 11: Video of Defendant**

The government moves *in limine* for the admission of a video of Defendant, part of which includes Defendant rapping about his involvement in the MS-13 20th Street clique. Defendant objects on the grounds that the video is cumulative, that Defendant's rap is artistic expression, and that the prejudicial impact outweighs any probative value the video may have. Defendant's arguments are not persuasive with respect to this particular video, given that they are, indeed, his statements, and they are specific to his involvement with the clique. *See United States v. Williams*, No. 13-cr-00764-WHO-1, 2017 WL 4310712, at *6 (N.D. Cal. Sept. 28, 2017).

At the pretrial conference, concerns were raised that the video contained portions that were irrelevant and included disparaging language, heightening its potential prejudicial impact. The government has since supplied a revised version of the video and accompanying transcript and translation, which assuages these concerns. The motion is granted with respect to the revised version, and the government must promptly provide Defendant a copy of the revised materials.

12. **MIL No. 12: Coconspirator Statements**

The government moves *in limine* to admit statements of coconspirators as nonhearsay when they are made in furtherance of the conspiracy. The motion is granted, without prejudice to Defendant raising more specific Rule 403 objections at trial.

13. **MIL No. 13: DMV Records**

The motion is granted.

14. **MIL No. 14: Death Certificates**

The motion is granted.

## II. DEFENDANT'S MOTIONS *IN LIMINE*

### 1. MIL No. 1: Exclusion of Unproduced Evidence

Defendant moves *in limine* to exclude any evidence the government has not produced before trial. While agreeing with the MIL generally, the government argues it should not be fully barred from offering unproduced evidence; rather, it would proffer the evidence first. The government has agreed to a May 1 deadline to disclose any evidence that has yet to be disclosed. Accordingly, the motion is denied, though the government will presumptively not be allowed to rely on evidence disclosed after May 1 without a substantial justification for the untimely disclosure.

### 2. MIL No. 2: Government Witnesses under Defense Subpoena

Defendant moves *in limine* to maintain the government's witnesses under defense subpoena. While the government has no objection to the MIL in principle, it cautions that this could be burdensome for witnesses, especially those coming from out of state, should they be forced to return to testify. The motion is granted, though with the expectation that (a) Defendant will be considerate of these concerns, and (b) that the government will be judicious in bringing scope objections during Defendant's cross-examination of the government's witnesses.

### 3. MIL No. 3: Vouching

Defendant moves *in limine* to prohibit the government from vouching for witnesses. Vouching would be inappropriate, as the government recognizes, and the motion is thus granted.

### 4. MIL No. 4: Exclusion of Witnesses and Order of Government Witnesses

Defendant moves *in limine* to exclude witnesses from the courtroom until they are called to testify. He also moves to require the government's case agent to testify first. The motion is granted only with respect to witness exclusion.

### 5. MIL No. 5: Homicide Victim Photos

Defendant has moved *in limine* to exclude certain photos of homicide victims that the government intends to offer, on the grounds that they are gruesome and hence unduly prejudicial. The government has since narrowed the pool of these photos it intends to offer. After *in camera*

United States District Court
Northern District of California

review, and in light of the discussion at the pretrial conference, the government is permitted to offer Exhibits 533, 629, 644, and 650. Exhibit 602 may be offered only with redaction/blurring of the victim's face, as discussed at the pretrial conference.

### 6. MIL No. 6: Exclude Evidence Brought under Rule 404(b)

Defendant's MIL No. 6 is effectively a cross-motion to the government's MIL No. 1. As that motion was granted, this motion is denied.

### 7. MIL No. 7: Exclude Evidence of Defendant's Prior Convictions

Ruling on Defendant's MIL No. 7 is deferred.

### 8. MIL No. 8: Defendant's Courtroom Appearance

Defendant's courtroom appearance was discussed at some length during the pretrial conference, and the MIL is granted in accordance with that discussion — that is, Defendant is permitted to appear without shackles and in civilian clothes in the presence of the jury, subject to any restrictions or alterations proposed by the U.S. Marshals in light of safety concerns.

**IT IS SO ORDERED**.

Dated: April 20, 2023

_____
RICHARD SEEBORG
Chief United States District Judge