UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ELMER RODRIGUEZ,<br><br>    Defendant. | Case No. 19-cr-00280-RS-13<br><br>**ORDER DENYING MOTION FOR NEW TRIAL** |

Defendant Elmer Rodriguez was charged, in the Third Superseding Indictment, with racketeering conspiracy, two counts of murder in aid of racketeering, attempted murder in aid of racketeering, and using, carrying, brandishing, or discharging a firearm during a crime of violence or possessing a firearm in furtherance of a crime of violence. On June 1, 2023, a jury found Rodriguez guilty on all five counts. Rodriguez now seeks a new trial pursuant to Federal Rule of Criminal Procedure 33 on the grounds there is "insufficient evidence of criminal intent or the existence of the charged crimes to allow the jury's verdict to stand." Dkt. 969, at 3.

Rule 33(a) permits a court to "vacate a judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are generally disfavored and should only be granted in "exceptional" cases. *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33, and before ordering a new trial pursuant to Rule 33, a district court must find that there is 'a real concern that an innocent person may have been convicted.'" *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (citation omitted). "If the court concludes that, despite the abstract

sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (internal quotation omitted).

This is not the "exceptional case" where a new trial is warranted. The evidence presented at trial of Rodriguez's guilt was overwhelming. Rodriguez asserts there was insufficient evidence of criminal intent or of the charged crimes but does not point to any particular deficiency or "misunderstanding of the evidence." Dkt. 969, at 3. Accordingly, Rodriguez's motion for a new trial is denied.

**IT IS SO ORDERED**.

Dated: January 4, 2024

_____
RICHARD SEEBORG
Chief United States District Judge